UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMON KRISTOFFER SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>ISLAND HOSPITALITY MANAGEMENT III, LLC, et al.,<br><br>Defendants. | Case No.  25-cv-07203-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Re:  ECF No. 33] |

Before the Court is Plaintiff Simon Kristoffer Sanchez's motion to remand.  *See* ECF No. 33 ("Motion"); *see also* ECF No. 35 ("Reply").  Plaintiff argues that Defendants Island Hospitality Management III, LLC ("IHM III") and Island Hospitality Management, LLC ("IHM") (collectively, "Island") improperly removed this case.  In support of his argument, Plaintiff points to alleged procedural defects in the removal and contends that Defendants have not met their burden of proving the fraudulent joinder of co-defendant Tien Vo, and thus there is no diversity in this case.  Defendants oppose the motion, arguing that any procedural arguments have been waived and that Plaintiff cannot state any viable claim against Vo and she is thus a sham defendant whose citizenship should be disregarded for purposes of diversity.  *See* ECF No. 34 ("Opp.").  The Court previously determined that this motion was suitable for resolution without oral argument and vacated the hearing.  ECF No. 38; *see* Civil L.R. 7-1(b).

For the reasons stated below, the Court DENIES Plaintiff's motion to remand.

## I.   BACKGROUND

According to the allegations in the complaint, Plaintiff was employed by Island as a full-time, non-exempt employee from September 2024 through April 1, 2025, working as a senior chief engineer.  *See* ECF No. 1-1 ("Compl.") ¶ 19.  On December 2, 2024, Plaintiff was allegedly

United States District Court<br>Northern District of California

United States District Court
Northern District of California

injured while performing his job duties. *Id.* ¶ 20. Plaintiff states that he received medical treatment and work restrictions the next day, which he provided to his manager, Vo, who allegedly refused to review them. *Id.* ¶¶ 21–22. Plaintiff further asserts that while he was advised to follow his work restrictions, neither Vo nor any other Island employees discussed any possible accommodations. *Id.* ¶ 23. At Plaintiff's first physical therapy session, his work restrictions were updated, and he was not permitted to lift, push, or pull over ten pounds with both arms, or reach over both shoulders. *Id.* ¶ 24. When Plaintiff provided these updated restrictions to Vo, she allegedly again refused to review them and rejected his accommodation request to limit his work to duties that allowed him to be at his desk. *Id.* ¶ 25. Plaintiff asserts that Vo instead advised Plaintiff that he could still "use his better hands to change a battery or a lightbulb, even though these duties would violate Plaintiff's work restrictions." *Id.* Plaintiff further alleges that Vo created "conflict between Plaintiff and his staff by falsely accus[ing] Plaintiff of not providing proper support to the engineers on his staff" and "berated him saying that he still needed to help them by using one hand only." *Id.* ¶ 26. On March 19, 2025, Plaintiff provided Vo with updated work restrictions, keeping him to office work only. *Id.* ¶ 27. He then went on a pre-approved vacation from March 27, 2025, to March 31, 2025, and was subsequently terminated from his position when he reported back to work on April 1, 2025. *Id.* ¶ 28.

Defendants refute these allegations, contending that rather than ignoring or disregarding Plaintiff's work restrictions, Vo reminded him to keep his arm in a sling in accordance with them. *See* ECF No. 34-1 ("Vo Decl.") ¶ 5 & Exh. A. Further, Vo submits evidence showing that she cautioned Plaintiff against performing tasks that would violate his work restrictions when he volunteered for them. *See* Vo Decl. ¶ 6 & Exh. B; Vo Decl. ¶ 7 & Exh. C. Finally, Vo contends that she was supportive of Plaintiff when he became injured, including because she sent him to get medical treatment and offered scheduling flexibility around his medical appointments. *See* Compl. ¶ 21; *see also* Vo Decl. ¶ 8 & Exh. D.

On July 24, 2025, Plaintiff filed suit in Santa Clara County Superior Court against Defendants asserting the following causes of action: (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA") (against Island); (2) harassment in violation of FEHA

2

(against all Defendants); (3) retaliation in violation of FEHA (against Island); (4) failure to prevent discrimination, harassment, and retaliation in violation of FEHA (against Island); (5) failure to provide reasonable accommodations in violation of FEHA (against Island);  (6) failure to engage in a good faith interactive process (against Island); and (7) wrongful termination in violation of public policy (against Island).  *See* Compl. ¶¶ 39–105.  Defendants removed this action on August 26, 2025, before any of the Defendants had been served.  *See* ECF No. 1 ("Notice of Removal").  Plaintiff filed the instant motion to remand on February 23, 2026.

## II.    LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).  A plaintiff who contests the existence of jurisdiction may file a motion to remand.  *See* 28 U.S.C. § 1447(c).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Hunter*, 582 F.3d at 1042 (quotation marks and citation omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit has recognized a "general presumption against fraudulent joinder," and emphasized that a defendant who asserts that a party is fraudulently joined carries a 'heavy burden."  *Hunter*, 582 F.3d at 1046 (citation omitted).  "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  The defendant must "show that the individuals joined in the action cannot be liable on any theory."  *Id.*  "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency."  *Wexler v. Jensen Pharms., Inc.*, No. CV 15-03518-AB (AJWx), 2015 WL 6159101, at *4 (C.D. Cal. Oct. 20, 2015) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (alterations omitted)).

United States District Court
Northern District of California

### III.    DISCUSSION

Although the Complaint asserts that all Parties are citizens of California, Compl. ¶¶ 2–4, the case was removed pursuant to diversity jurisdiction, Notice of Removal ¶¶ 15–40.  Defendants assert that the Island defendants are citizens of other states and Vo (a citizen of California) was fraudulently joined to defeat diversity jurisdiction.  Notice of Removal ¶¶ 19–23, 40.  Defendants also assert that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *Id.* ¶¶ 41–44.  In the instant motion, Plaintiff does not contest Defendants' statements as to the citizenship of the Island defendants or the amount in controversy.  Plaintiff challenges only the procedure of the removal and the characterization of Vo as a sham defendant.

### A.    Procedural Defects

To begin, Plaintiff contends that removal is "procedurally improper," including because Island rushed to file removal documents before Vo had been served.  Motion at 3.  Plaintiff does not clearly identify what the alleged procedural defects are.  However, in opposition, Defendants address the issues of "snap removal" and the "forum defendant rule."  Opp. at 4–6.

First, Defendants removed this case on August 26, 2025, before any of the Defendants had been served, a process known as "snap removal."  Defendants correctly observe that the "Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."  *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) (citation omitted).

Second, the forum defendant rule provides that cases removed based on diversity of citizenship are not properly removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  As Vo is a citizen of California and this case was initially brought in California, removal would violate the forum defendant rule.  However, as Defendant argues, a "[v]iolation of the forum defendant rule is considered a non-jurisdictional defect, which is waived if a plaintiff does not seek remand on that basis within 30 days of removal."  *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024).  Because Plaintiff did not file the instant motion until February 23, 2026, nearly

4

six months after Defendants removed this case to federal district court, Plaintiff's arguments for remand based on procedural defects have been waived.[1]  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) ("[28 U.S.C. § 1447(c)] prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed.").

**B. Fraudulent Joinder**

Turning to the issue of fraudulent joinder, Defendants removed this case to federal court on the ground that Vo was fraudulently joined.  *See* Notice of Removal ¶ 5 ("Vo, is a fraudulently joined, 'sham defendant,' who is formally added as Defendant to defeat diversity.").  Plaintiff contends that the allegations pled against Vo are sufficiently colorable such that removal was improper.  Motion at 8–10.  In response, Defendants argue that Plaintiff has failed to make out any viable claim for harassment against Vo, and that he cannot do so through amendment.[2]  Opp. at 10–13.

Plaintiff advances a single claim for harassment in violation of FEHA against Vo in his complaint.  "To establish a claim for harassment, a plaintiff must demonstrate that: '(1) plaintiff is a member of a protected group; (2) plaintiff was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment.'"  *Gardner v. City of Berkeley*, 838 F. Supp. 2d 910, 926 (N.D. Cal. 2012) (quoting *Huck v. Kone Inc.*, No. C 10–01845 RS, 2011 WL 6294466, at *11 (N.D. Cal. Dec. 15, 2011)).  A hostile work environment is present "when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being."  Cal. Gov't Code § 12923(a).

---

[1] This case was stayed from September 29, 2025, to December 1, 2025.  ECF No. 20.  However, more than 30 days passed from December 1, 2025, to the filing of the instant motion, on February 23, 2026.  Accordingly any reference to the importance of the stay of the case with respect to the 30-day window is misplaced.

[2] To the extent Defendants contend that Plaintiff conflates the doctrines of fraudulent joinder and fraudulent misjoinder, Opp. at 7, the Court observes that Plaintiff recited the proper legal standard and correct legal authorities with respect to the doctrine of fraudulent joinder, Motion at 8–9.

Plaintiff alleges that Vo engaged in the following misconduct: (1) she repeatedly refused to review his work restrictions; (2) she, and other employers, did not discuss accommodations with him regarding his work restrictions; (3) she asked him to work with his non-injured hand, even if it would violate his work restrictions; (4) she created conflict between him and his staff by falsely accusing him of not providing sufficient support; and (5) she berated him by telling him he needed to support his staff with his non-injured hand. Compl. ¶¶ 21–27.

Defendants argue that such actions are "no more than a series of personnel decisions" which may give rise to a discrimination claim against an employer, but form no basis for a viable harassment claim. Opp. at 13. Defendants further maintain that even if Plaintiff could recover for harassment, Vo's conduct does not reach the level of "severe or pervasive" as to constitute harassment in violation of FEHA, and that Plaintiff does not (and cannot) assert any additional facts that might support such a claim. *Id.* at 10. On reply, Plaintiff argues that the viability of the harassment claim is irrelevant to the discussion of remand. Reply at 3.

As an initial matter, the Court disagrees with Plaintiff that the viability of the harassment claim is *irrelevant* to the discussion of remand—to the contrary, it is integral to the fraudulent joinder inquiry. *See Pichon v. Hertz Corp.*, No. 17-cv-02391-EMC, 2017 WL 3215358, at *4 (N.D. Cal. July 28, 2017) ("If a plaintiff has a colorable claim against a nondiverse defendant, then there is no fraudulent joinder.").

Second, with respect to the issue of whether Vo's actions were merely personnel decisions that do not constitute harassment, "California law distinguishes between discriminatory employment actions and harassment." *Wexler v. Jensen Pharms., Inc.*, No. CV 15-03518-AB (AJWx), 2015 WL 6159101, at *5 (C.D. Cal. Oct. 20, 2015). "[O]nly an employer – and not individuals – can be held liable for discriminatory employment actions, typically through a claim for employment discrimination. By contrast, an individual employee, in addition to an employer, can be held liable for harassment." *Id.* Actions commonly necessary for personnel management, such as hiring, firing, project assignments, or office and workstation assignments are not within the scope of harassment. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64–65 (1996). By

contrast, "harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* at 63.

Defendants take the position Vo's alleged actions appear to fall into the category of "personnel management," such that the allegations might give rise to a claim for discrimination, but not a claim for harassment. For instance, Plaintiff alleges conduct relating to his office and workstation assignments, including Vo's rejecting Plaintiff's request to work solely at his desk, explaining that he could use his good hand to change a battery or a lightbulb. Compl. ¶ 25. Likewise, Plaintiff alleges that Vo did not provide sufficient support to the engineers on staff, which relates to the management of the team. *Id.* ¶ 26. The Court agrees with Defendants that the conduct alleged is the kind of personnel management that may constitute "a claim against an employer for employment discrimination, but . . . do[es] not ordinarily give rise to a claim against another employee for harassment." *Wexler*, 2015 WL 6159101, at *5. However, as "managers may be individually liable for harassment where their personnel or management decisions 'have a secondary effect of communicating a hostile message,'" *id.* at *6 (quoting *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009)), the Court considers whether Vo's alleged conduct could have communicated a hostile message.

"[O]fficial employment actions communicate a hostile message 'when the actions establish a widespread pattern of bias.'" *Croft v. GTT Commc'ns, Inc.*, No. 21-cv-01083-EMC, 2021 WL 1847816, at *6 (N.D. Cal. May 10, 2021) (quoting *Roby*, 47 Cal. 4th at 709). Accordingly, the Court evaluates whether Vo's alleged conduct could plausibly amount to a widespread pattern of bias sufficient to give rise to the "severe or pervasive" conduct necessary to make out a colorable claim for harassment. *Id.*

Defendants argue that Vo's alleged conduct is not severe or pervasive. Opp. at 10. In support of this contention, Defendants refer the Court to *Pichon v. Hertz Corporation*, where the court concluded that a defendant had been fraudulently joined. *See Pichon*, 2017 WL 3215358 at *7. There, the basis for an age harassment claim were two inquiries as to whether the plaintiff would retire soon and one disparaging comment within the plaintiff's earshot about the age of

7

other workers who were in an entirely different job. *Id.* at *5. The plaintiff did not argue that the harassment was severe and argued instead that the conduct was pervasive. *Id.* However, as the plaintiff had alleged only a mere "handful of comments," the court concluded that it was "obvious" that the age harassment claim was not viable. *Id.*

Defendants also cite *Croft v. GTT Communications, Inc.*, where the court denied a motion to remand on the ground that a defendant was fraudulently joined, 2021 WL 1847816, at *10. There, the plaintiff brought a harassment claim, alleging that the defendant once called him "weak" in public, launched a surprise negative performance evaluation, and fired him. *Id.* at *4. The court found that it was "obvious" that the defendant's conduct did not constitute a widespread pattern of harassment, because the plaintiff had alleged only a few acts. *Id.* at *6. Like the plaintiffs in *Croft* and *Pichon*, who each alleged only a handful of remarks or incidents, here too, Plaintiff has alleged only a relatively small number of Vo's comments and actions. She allegedly twice failed to review Plaintiff's work restrictions and made only a few comments about Plaintiff's need to contribute to the team. *See* Compl. ¶¶ 22–27. As in *Croft* and *Pichon*, such sparse allegations do not give rise to a colorable harassment claim.

The Court acknowledges that the California legislature has clarified that a single incident of sufficient severity can give rise to harassment. *See* Cal. Gov. Code § 12923(b). Nonetheless, Plaintiff does not explain how Vo's conduct was sufficiently severe or pervasive to create "a hostile, offensive, oppressive, or intimidating work environment," as is required to make out a claim for FEHA harassment. Cal. Gov. Code § 12923(a). Indeed, on reply, Plaintiff does not address the applicability of Defendants' authority.

Moreover, the evidence submitted by Vo (text messages sent to Plaintiff), which Plaintiff does not address, undermines the allegations that Vo failed to review or respect Plaintiff's work restrictions. *E.g.*, Vo. Decl. ¶ 5 & Exh. A ("Make sure you're wearing the sling. I don't think I saw it on your when you came in my office."); Vo. Decl. ¶ 6 & Exh. B ("[I]t would be a lot of stuff to carry and lift and you can't do either of those things with your sling. So I'm gonna pass on your offer."). Such evidence makes even less plausible the claim that Vo's conduct created a hostile work environment.

Finally, Defendants point to the comment in the joint case management statement that "the Parties do not anticipate any amendments to the pleadings." *See* Opp. at 11 (quoting ECF No. 23 at 9). Defendants contend that this statement means that Plaintiff does not attempt to assert a plausible harassment claim against Vo. Opp. at 11–12. This inference stretches the joint case management statement too far—the comment does not constitute a waiver of a future request for leave to amend. Nonetheless, now, in the face of briefing that directly challenges the sufficiency of the claim against Vo, Plaintiff does not give any indication of additional facts that could be added to cure the identified deficiencies if given the opportunity to amend. *See Pichon*, 2017 WL 3215358, at *5 (finding that a defendant was fraudulently joined where there was no indication that the plaintiff would be able to amend to cure the identified deficiencies). Nor does Plaintiff ask for the opportunity to amend in his papers.

In sum, the Court finds that Defendants have met their burden show the absence of any possibility of recovery against Vo. *See GranCare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). The allegations at issue are generally the kind of personnel decisions for which Vo cannot be held liable as a manager, and do not support a plausible inference of conduct that is sufficiently severe or pervasive to give rise to a colorable claim for harassment. Plaintiff has offered no indication that additional facts could be added if given leave to amend and does not request that opportunity. The Court concludes that Vo is a sham defendant. Plaintiff's motion to remand is thus DENIED.

## C. Request for Attorneys' Fees

Lastly, Plaintiff requests attorneys' fees, contending that "Island blindly chose to remove." Motion at 10. Under 28 U.S.C. § 1447(c), "[a]n order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005). Having concluded that this case was properly removed to federal court, the Court DENIES Plaintiff's request for fees.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Remand is DENIED.

(2) Plaintiff's Request for Attorneys' Fees is DENIED.

Dated:  July 13, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California