United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SIMON KRISTOFFER SANCHEZ,<br>Plaintiff,<br>v.<br>ISLAND HOSPITALITY MANAGEMENT III, LLC, et al.,<br>Defendants. | Case No. 25-cv-07203-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANT TIEN VO**<br><br>[Re: ECF No. 40] |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Cause of Action Against Defendant Tien Vo pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 40 ("MTD"). Plaintiff opposes the motion. ECF No. 41 ("MTD Opp."). For the reasons set forth below, the Court hereby GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

Defendant Island Hospitality Management III, LLC ("Island") hired Plaintiff in September 2024. *See* ECF No. 1-1 at ¶ 19. On December 2, 2024, Plaintiff allegedly injured his shoulder while performing his job duties. *Id.* ¶ 20. Plaintiff claims that his doctor issued work restrictions but that his manager, Defendant Vo, refused to review or accommodate these restrictions. *Id.* ¶¶ 22, 25. Plaintiff further alleges that Vo advised him to perform tasks that violated his work restrictions and fostered workplace hostility by falsely accusing Plaintiff of providing insufficient support for his staff. *Id.* ¶¶ 25, 26. Plaintiff contends that he left for a pre-approved vacation on March 27, 2025, and that his employment was terminated when he returned to work on April 1, 2025. *Id.* ¶ 28.

**A. Procedural History**

On July 24, 2025, Plaintiff filed suit in Santa Clara Superior Court, asserting seven causes of action against various defendants. *Id.* ¶¶ 39–105. The second cause of action, for harassment in violation of California's Fair Employment and Housing Act ("FEHA"), was the only cause of action brought against Defendant Vo. *See id.* ¶ 60.

On August 25, 2025, Defendants filed a notice of removal to federal court based on diversity jurisdiction, 28 U.S.C. § 1441. ECF No. 1 at 4. The notice admits that Vo and Plaintiff are both residents of California, but Defendants assert that Vo was a "sham defendant" who was fraudulently joined to defeat diversity. *Id.* at 8. In support of this assertion, Defendants contend that the facts alleged against Vo were merely personnel management decisions that lacked the severity necessary to plausibly establish a workplace harassment claim. *Id.* at 10.

On February 23, 2026, Plaintiff filed a motion to remand, arguing that the Complaint sufficiently pled a harassment cause of action against Vo. ECF No. 33 at 8–10. In opposition, Defendants maintain that Plaintiff failed to allege facts sufficient to support a harassment claim against Vo and that she was added as a sham defendant. ECF No. 34 at 6–7, 8–11. Defendants also provided a declaration from Vo in which she asserts that she accommodated Plaintiff's work restrictions. *See* ECF No. 34-1. Plaintiff did not challenge Vo's declaration or request leave to amend the Complaint.

On July 13, 2026, the Court denied Plaintiff's motion to remand, declaring Vo a sham defendant. ECF No. 39 ("Remand Order") at 9. In reaching this conclusion, the Court found that Plaintiff failed to plead conduct that was severe or pervasive enough to establish a plausible claim of workplace harassment under the FEHA against Vo. *Id.* at 8. The Court also noted that Plaintiff "offered no indication that additional facts could be added if given leave to amend and [did] not request that opportunity." *Id.* at 9. Accordingly, the Court held that Defendants satisfied their burden to "show the absence of any possibility of recovery against Vo." *Id.*

Defendant Vo now moves to dismiss the harassment claims asserted against her pursuant to Fed. R. Civ. P. 12(b)(6). *See* MTD at 4. Plaintiff opposes the motion arguing that (1) it is untimely, (2) Defendant's use of Vo's declaration was improper, and (3) the Complaint stated a

United States District Court
Northern District of California

plausible claim for relief against Vo for harassment. MTD Opp. at 4–7. Finally, should the Court grant the motion to dismiss, Plaintiff requests leave to amend. *Id.* at 7.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) if the Complaint fails to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 57 (2007). When evaluating a motion to dismiss, the Court must "accept all factual allegations in the [C]omplaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (citation and internal quotations omitted). To survive a motion to dismiss, the Complaint must allege sufficient facts to allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

## III. DISCUSSION

### A. Timeliness of Defendant's 12(b)(6) Motion to Dismiss

Before turning to the merits, the Court shall first address the timeliness of Defendant Vo's motion to dismiss. Plaintiff asserts that under Fed. R. Civ. P. 12(a)(1)(A), Vo was required to file the instant motion by April 6, 2026. MTD Opp. at 4. Vo filed this motion on July 20, 2026, seven days after the Court issued its order denying Plaintiff's motion to remand. *See* ECF Nos. 39–40. Accordingly, Plaintiff argues that the motion is untimely and should be denied. MTD Opp. at 4. Defendant maintains that the motion is timely because the Court needed to determine whether it had jurisdiction before adjudicating a motion on the merits. ECF No. 42 ("MTD Reply") at 2–3.

Where, as here, a defendant "has timely waived service" the motion to dismiss is typically due "within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A)(ii). However, before considering a "motion to dismiss on the merits, the district court has a duty to ascertain whether it possesses subject matter jurisdiction." *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 965 (9th Cir. 2004) (citation modified). In the January 22, 2026, Case Management Statement, Defendants expressed their intent to file a motion to dismiss Vo. ECF No. 23 at 9. In response to this statement, the Court informed the Parties that it would address jurisdiction before considering any motion to dismiss. *See* MTD Reply at 3. Under these

United States District Court
Northern District of California

circumstances, the Court finds that the instant motion, which was filed seven days after the Court confirmed that it had subject matter jurisdiction, is not untimely. *See, e.g.*, *Banuelos v. Dominos Pizza LLC*, No. 24-cv-07085, 2024 U.S. Dist. LEXIS 217828, at *5 (N.D. Cal. Dec. 2, 2024) (finding good cause to extend the deadline to file a motion to dismiss where there was a pending motion to remand).

**B. Defendant Vo's Declaration**

Plaintiff also asserts that Defendants acted improperly by submitting Vo's declaration at the motion to remand stage. Plaintiff suggests that the Court erred by relying on this extrinsic evidence in its order denying remand and argues that the Court typically cannot "consider material outside the pleadings when assessing the sufficiency of a complaint." MTD Opp. at 5 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)).

Plaintiff's statement misconstrues the Court's prior order. In denying Plaintiff's motion to remand, the Court relied on the fact that the allegations raised in the Complaint were "the kind of personnel decisions for which Vo cannot be held liable as a manager, and do not support a plausible inference of conduct that is sufficiently severe or pervasive to give rise to a colorable claim for harassment." Remand Order at 9. The Court's three-sentence reference to Vo's declaration served only to emphasize the stringent pleading standard that Plaintiff would need to satisfy in order to establish a plausible harassment claim under FEHA. *See id.* at 8. Vo's declaration was ultimately immaterial to the Court's decision to deny remand, and thus, the Court finds Plaintiff's argument unpersuasive.

**C. Dismissal of Sham Defendant**

In the motion to dismiss, Vo argues that the Court has an "obligation to expressly dismiss the sham defendants before proceeding with the case." MTD at 5 (quoting *Isaacs v. Broido*, 358 F. App'x. 874, 876 (9th Cir. 2009)). Because the Court previously found that Vo is a sham defendant against whom Plaintiff has "no possibility of recovery," she asserts that the singular claim raised against her should be dismissed. *Id.* In opposition, Plaintiff fails to address Vo's cited authority. *See* MTD Opp. Rather, Plaintiff reasserts its previous argument that the

United States District Court
Northern District of California

Complaint raises sufficient facts to "create a reasonable inference that Vo is liable for harassment as an individual defendant." *Id.* at 6.

Where, as here, "the Rule 12(b)(6) inquiry and the fraudulent joinder inquiry substantially overlap on the issue of failure to state a claim," the Court's "fraudulent joinder finding compels dismissal of . . . 'sham defendants.'" *Isaacs*, 358 F. App'x. at 876–87. Because the Court previously found that Vo is a sham defendant, it is compelled to dismiss her.

Plaintiff's arguments to the contrary are unavailing. The Court previously found that the facts alleged in the Complaint were not "sufficiently severe or pervasive" to establish a plausible harassment claim against Vo. Remand Order at 8. When viewing these allegations "in the light most favorable to" Plaintiff, the Complaint still fails to state a plausible claim for relief. *Taylor*, 780 F.3d at 935. Because the Court previously assessed and rejected this argument, it declines to address it further. *See, e.g.*, *Jones v. Life Ins. Co. of N. Am.*, No. 8-cv-03971, 2015 WL 1433998, at *2 (N.D. Cal. Mar. 30, 2015) ("[T]he court will not consider factual and legal arguments previously raised and rejected.").

For the foregoing reasons, the Court hereby GRANTS the motion to dismiss the second cause of action as to Defendant Vo.

**D. Leave to Amend**

Plaintiff has requested leave to amend the Complaint should the Court grant Defendant's motion to dismiss. MTD Opp. at 7. Plaintiff's request for leave to amend is governed by Fed. R. Civ. P. 15(a)(2), under which he must satisfy the requirements set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Foman* provides that leave to amend should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . [or] futility of amendment." *Id.*

Defendants do not allege, and the Court has not found evidence of, bad faith or dilatory motive. However, Plaintiff's delay and the futility of amendment defeat his request for leave to amend the Complaint as to Defendant Vo. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell,* 901 F. Supp. 2d 1196, 1212

United States District Court
Northern District of California

(S.D. Cal. 2012) (citations omitted). When evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). "A moving party's inability to acceptably explain its delay may also indicate that the delay was undue." *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 8-cv-01086, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Swanson v. United States Forest Service*, 87 F.3d 339, 345 (9th Cir.1996)).

In requesting leave to amend, Plaintiff argues that additional facts about Vo's tone and demeanor exist to support his harassment claim. *See* MTD Opp. at 6–7. These facts were known to Plaintiff when he filed the Complaint on July 24, 2025. Plaintiff provides no explanation for why he waited over a year to request leave to include these allegations in his Complaint. The Ninth Circuit has previously "held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen*, 465 F.3d at 953 (citing *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir.1991)). Plaintiff's yearlong delay is similarly unreasonable, particularly because granting his request at this stage would require the Court to readjudicate the motion to remand.

While "undue delay by itself" is typically "insufficient to justify denying a motion to amend," here, the alleged facts also indicate that amending the Complaint would be futile. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). As the Court previously held in its order denying remand, Plaintiff has not provided any facts that could "support a plausible inference of conduct that is sufficiently severe or pervasive to give rise to a colorable claim for harassment." Remand Order at 9. The new facts alleged about Vo's tone and demeanor are insufficient to cure the deficiencies described above. *See* MTD Opp. at 6–7. Because Plaintiff has failed to identify any facts that could plausibly support his harassment claim against Vo, the court finds that granting Plaintiff's request would be futile. *See, e.g., Pichon v. Hertz Corp.,* No. l7-cv-02391, 2017 WL 3215358, at *7 (N.D. Cal. July 28, 2017) (finding leave to amend futile where the plaintiff "had the opportunity to identify for the Court factual allegations to support his legal theories . . . but he adequately failed to do so").

Due to Plaintiff's delay and the futility of amendment, the Court hereby DENIES Plaintiff's request for leave to amend the Complaint as to Defendant Vo.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Dismiss Plaintiff's Second Cause of Action Against Defendant Tien Vo is GRANTED.

(2) Defendant Tien Vo is DISMISSED from this action with prejudice.

(3) Plaintiff's Request for Leave to Amend is DENIED without prejudice to requesting leave to amend the Complaint as to the remaining Defendants.

Dated: October 31, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California